UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61196-CIV-COHN/SELTZER

MICHAEL CALASH,

      Plaintiff,

v.

DRUG ENFORCEMENT ADMINISTRATION,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the United States' Motion to Dismiss Plaintiff's Complaint for Injunctive and Declaratory Relief [DE 7]. The Court has considered the Motion, Plaintiff's Response [DE 8], the United States' Reply [DE 12], the oral argument of counsel and is otherwise advised in the premises.

### I. BACKGROUND

On January 26, 2008, the Drug Enforcement Administration ("DEA") and the Lighthouse Point Police Department seized $114,143.00 in cash from Plaintiff's vehicle after he was stopped for traffic violations. The currency, concealed in various locations in the trunk of the vehicle and on Plaintiff's person, was seized as proceeds from drug transactions. Promptly after seizure, the DEA commenced administrative forfeiture proceedings against the $114,143.00. In the process of issuing the administrative decree of forfeiture against the currency, the DEA complied with the applicable notice requirements and procedures of administrative forfeiture pursuant to 18 U.S.C. § 983 and 19 U.S.C. §§ 1602-21.

On April 8, 2008, prior to the deadline to file a claim, the DEA received a verified claim, which was notarized and submitted by Plaintiff's attorney ("Verified Claim"). The Verified Claim included the following language:

> I, MICHAEL J. CALASH, the claimant in the above-captioned cause, having read the foregoing VERIFIED CLAIM, hereby swear and affirm that the facts contained herein are true and correct. /s/ Michael J. Calash

In addition, the Verified Claim stated:

> BEFORE ME, the undersigned authority, personally appeared MICHAEL J. CALASH, on this 7th day of April 2008, who first being duly sworn, deposes and says that the foregoing VERIFIED CLAIM has been filed in good faith, and the facts contained therein are true and correct. SWORN TO AND SUBSCRIBED BEFORE ME this 7th day of April 2008. /s/ [Notary Public]

(Ex. 6 to Hieronymus Decl.).

In a letter dated April 15, 2008, the DEA rejected the Verified Claim because: "The submission was not made under oath, **subject to penalty of perjury**." (Ex. 7 to Hieronymus Decl.) (citing to 18 U.S.C. § 983(a)(2)(C)(iii) (emphasis in original)). The letter goes on to state that: "A claimant may use the following language to satisfy this requirement: I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." (Id.). In the letter, the DEA provided Plaintiff 20 days from the receipt of the letter to cure the deficiencies. The letter was received, signed for and delivered to Plaintiff's attorney's office on April 21, 2008 and, therefore, the deadline to submit a revised claim was May 12, 2008.

On May 14, 2008, the DEA received a request for an extension of time from Plaintiff's attorney. The request stated although the Verified Claim was returned "to our offices on or about April 17," Plaintiff's attorney did not physically get a copy of the

2

DEA's deficiency letter until May 12, 2008. (Ex. 9 to Hieronymus Decl.). On May 19, 2008, the DEA received a revised Verified Claim including the "under penalty of perjury" language. On May 22, 2008, the DEA rejected the revised claim as untimely filed.

On July 29, 2008, Plaintiff filed the Complaint for Injunctive and Declaratory Relief which seeks, among other things, the issuance of an order "directing the DEA to pursue forthwith any forfeiture of [the currency seized from Plaintiff's vehicle] in this District Court." (Compl. at 6).

## II. LEGAL STANDARD

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). At this stage in the litigation, the Court must consider the allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).

## III. ANALYSIS

A district court does not have jurisdiction to review the merits of administrative forfeiture decisions. Arango v. United States Dep't of the Treasury, 115 F.3d 922, 925 (11th Cir. 1997). However, a district court does have jurisdiction over claims that "do not challenge the forfeiture determination on its merits but rather seek review of the adjudicatory process itself." Id. (quotations omitted).[1] Therefore, a court's review is limited to determining whether the agency followed the proper procedural safeguards in conducting the forfeiture. Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005); see also Scarabin v. Drug Enforcement Admin., 919 F.2d 337, 338 (5th Cir. 1990) (noting that review of administrative forfeiture is limited to review of the procedure). In addition, there are limited circumstances in which a federal court may exercise equitable jurisdiction over civil forfeiture decisions by agencies. In re Matter of $67,470.00, 901 F.2d 1540, 1544 (11th Cir. 1990). "The decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint." United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999). Equitable jurisdiction may be appropriately exercised in order to prevent a "manifest injustice." Id.

The DEA argues that the Court lacks subject matter jurisdiction. The DEA argues that the administrative forfeiture complied with due process because (1) the DEA "afforded plaintiff with timely and adequate notices throughout the process,"

---

[1]    In Arango, the Eleventh Circuit held that because "Arango's claim that he was improperly denied a judicial forum challenges the procedural safeguards attending the forfeiture, his claim arises under Fifth Amendment's Due Process Clause and the Administrative Procedure Act . . . and comes within our federal question jurisdiction under 28 U.S.C. § 1331." Arango, 115 F.3d at 925.

4

(Reply at 2); (2) the "DEA's rejection of plaintiff's original-defective claim . . . was proper," (id.); and (3) Plaintiff failed to take advantage of the 20 additional days granted to file a timely and proper claim. (Id. at 3).

In addition, the DEA argues that the Complaint fails to state a claim upon which relief can be granted. The DEA asserts that the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983 ("CAFRA"), sets forth "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Under § 983(e), a plaintiff seeking a judicial order setting aside a declaration of forfeiture must demonstrate that (1) he did not receive notice of the forfeiture; (2) the government knew of should have known of his interest in the property; (3) the government failed to take reasonable steps to provide notice to him before forfeiting the property; and (4) he did not know or have reason to know of the seizure in sufficient time to file a timely claim. (MTD at 11-12) (citing 18 U.S.C. § 983(e)(1)). Accordingly, the DEA contends that Plaintiff's Complaint must fail because it does not fall within the scope of § 983(e).

Plaintiff argues that the Court has jurisdiction under 28 U.S.C. § 1331 to address Plaintiff's challenge to the DEA's improper denial of his timely claim which foreclosed Plaintiff from litigating the merits of the forfeiture in a judicial forum. Plaintiff states that the Complaint "does not seek review of any administrative forfeiture determination. Instead, Plaintiff seeks review of the DEA's arbitrary and capricious decision to reject the Plaintiff's initial submitted notarized claim as contrary to statutory authority and procedure required by law." (Response at 1-2).

With respect to the issue of whether the Verified Claim was defective, 18 U.S.C.

5

§ 983(a)(2)(C) sets forth the requirements for submitting a claim for property seized in a

nonjudicial civil forfeiture proceeding. Section 983(a)(2)(C) provides that:

> (C) A claim shall–
>
>> (i) identify the specific property being claimed;
>> (ii) state the claimant's interest in such property; and
>> (iii) be made under oath, subject to penalty of perjury.

18 U.S.C. § 983(a)(2)(C). There are two federal statutes that govern perjury: (1) 18

U.S.C. § 1621, which deals with perjury generally, and (2) 28 U.S.C. § 1746, which

deals with unsworn declarations under penalty or perjury. 18 U.S.C. § 1621 states:

> Whoever--
>
> (1) having taken an oath before a competent tribunal, officer, or person,
> in any case in which a law of the United States authorizes an oath to be
> administered, that he will testify, declare, depose, or certify truly, or that
> any written testimony, declaration, deposition, or certificate by him
> subscribed, is true, willfully and contrary to such oath states or
> subscribes any material matter which he does not believe to be true; or
>
> (2) in any declaration, certificate, verification, or statement under penalty
> of perjury as permitted under section 1746 of title 28, United States
> Code, willfully subscribes as true any material matter which he does not
> believe to be true;
>
> is guilty of perjury . . . .

18 U.S.C. § 1621.

Based on the language of 18 U.S.C. § 1621 and the wording of the Verified

Claim, the facts were sworn to as true and correct before a notary authorized to

administer the oath. As such, the Verified Claim was "subject to penalty of perjury" and

thus complied with the requirement of 18 U.S.C. § 983(a)(2)(C)(iii). Therefore, Plaintiff

presented a valid claim that was timely filed and he was "improperly denied a judicial

forum" due to a procedural error. Arango, 115 F.3d at 925; see also Mesa Valderrama, 417 F.3d at 1198 ("review of administrative forfeiture is limited to review of procedure") (citation omitted). The Eleventh Circuit has stated that "individuals whose property interests are at stake due to government actions are entitled to notice and an opportunity to be heard." Id. at 1197 (citing Dusenbery v. United States, 534 U.S. 161, 167-68 (2002)). The DEA's improper rejection of the Verified Claim stripped Plaintiff of his opportunity to be heard. Accordingly, the Court finds that Defendant's Motion to Dismiss must be denied.

## IV. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the United States' Motion to Dismiss Plaintiff's Complaint for Injunctive and Declaratory Relief [DE 7] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12 day of January, 2009.

**JAMES I. COHN**
**United States District Judge**

Copies provided to:

Counsel of record

7